UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTENO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>    Defendants. | Case No.: 3:21-cv-1022-L-DEB<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTIONS TO DISMISS** |

Pending before the Court is Plaintiff's motion to remand and Defendants' motions to dismiss. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **DENIES** Plaintiff's motion (ECF 5) and **GRANTS** Defendants' motions (ECFs 3 and 6).

**Background**

This action relates to a pending civil rights case against Defendant City of Carlsbad ("City") that this Court is presiding over (19-cv-2098). (*See* ECF 1-2, First Amended Complaint). Plaintiff contends City and Daniel S. Modafferi ("DSM"), its counsel in the related case, violated his rights when they failed to provide his counsel, Genaro Lara ("Lara"), with a hearing aid for Lara's use during a civil deposition. *Id*.

**Motion to Remand**

City removed this action from San Diego Superior Court under 42 U.S.C. section 1441(a) (federal question). (ECF 1). DSM joined in the removal. (ECF 7). Plaintiff now seeks to remand this action.

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking to remove the case bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is construed against removal, and any doubts are resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); 28 U.S.C. § 1447(c).

Plaintiff argues the Court must remand this action because it lacks subject matter jurisdiction and DSM failed to submit a declaration with City's notice to show he consented to the removal. (ECF 4). The Court will address each argument.

First, the amended complaint contains claims under the Americans with Disabilities Act and 42 U.S.C. section 1983. (ECF 1-2). The Court therefore has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989) ("as a general proposition, the federal question must appear from the face of the plaintiff's complaint.")

Second, City's notice – which its counsel signed – asserted DSM consented to the removal. (ECF 1). Defendants therefore satisfied the requirements under 28 U.S.C. section 1446. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.") DSM was not required to submit a declaration. *Id*. For these reasons, the Court **DENIES** Plaintiff's motion to remand.

**Motions to Dismiss**

Defendants move to dismiss Plaintiff's amended complaint, arguing he failed to state a plausible claim. (ECF 1-2); Fed. R. Civ. P. 12.

In general, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78

(2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in Plaintiff's favor. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Plaintiff asserts four claims against Defendants: Americans with Disabilities Act (claims two and four), 42 U.S.C. section 1983 (claim three), and California Civil Code sections 51 and 54.8 (claim one). The Court will start with the federal claims.

***Americans with Disabilities Act, Title II (Second Claim)***

To state a Title II claim, Plaintiff must allege: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Here, Plaintiff's claim is based on Lara's alleged disability. And the allegations are that Defendants failed to provide a hearing aid to Lara during a civil deposition. That is, Plaintiff does not allege *he* was denied any benefit or service based on *his* disability.

Even so, a public entity's participation via counsel as a defendant in a civil deposition is not a plausible service, program, or activity. *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 987 (9th Cir. 2014) (the inquiry is whether the service, program, or activity "is a normal function of a governmental entity . . . experiences that are merely incidental to normal government functions are not fairly characterized as government programs.") (internal quotation marks and citation omitted). For these reasons, the second claim is dismissed.

### *42 U.S.C. Section 1983 (Third Claim)*

Plaintiff asserts a civil rights claim against Defendants under 42 U.S.C. section 1983. That section is not a source of substantive rights. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Instead, it is a mechanism to vindicate federal or constitutional rights. *Id*.

To state a claim, Plaintiff must allege Defendants: (1) were acting under the color of state law, and (2) deprived him of a constitutional or federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff relies, in part, on his Title II claim to support this one. (FAC at ¶¶ 24-25). But again, that claim is not viable. And section 1983 cannot be used to assert a claim under the Americans with Disabilities Act. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012).

Plaintiff also argues DSM's alleged acts – ridiculing, mocking, and disparaging Lara at a deposition – violated his due process rights. (FAC at ¶ 26). But that alleged conduct does not amount to a plausible constitutional violation. This action does not concern any deprivation of a constitutionally protected life, liberty, or property interest. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). Plaintiff has no constitutional right to have his counsel treated in a professional manner by a public entity's counsel.[1] For these reasons, the third claim is dismissed.

### *Retaliation under the Americans with Disabilities Act (Fourth Claim)*

To plead a retaliation claim against Defendants under the Americans with Disabilities Act, Plaintiff must allege: (1) he engaged in a protected activity; (2) he was subjected to an adverse action; and (3) there was a causal link between the protected activity and the adverse action. *Brown v. City of Tucson*, 336 F.3d 1181, 1186 (9th Cir. 2003).

---

[1] Regardless, Plaintiff does not contend DSM acted under the color of state law. *See West*, 487 U.S. at 48. And he does not assert a *Monell* claim against City.

Defendants raised several arguments as to this claim. Plaintiff declined to oppose them. The Court construes that as a wavier and an abandonment of the claim. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005). The Court therefore dismisses the fourth claim.

Regardless, the retaliation claim is based on the purported Title II violation that, per above, is not viable. Moreover, this action seeks to enforce Plaintiff's purported rights. *Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 850 (9th Cir. 2004) ("pursuing one's rights . . . constitutes a protected activity.") But Defendants sought sanctions – the alleged adverse action – against Lara due to his alleged misconduct. (FAC at ¶¶ 33-34). That is, Plaintiff failed to plead he was subjected to an adverse action. And there is no plausible link between the alleged acts. These reasons also warrant dismissal. *See Brown*, 336 F.3d at 1186.

The Court must next decide whether it should exercise jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3). It is well settled that federal courts have discretion to retain jurisdiction over state law claims even after the federal question basis for removal jurisdiction is dismissed. *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 2001); *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir. 1990). Courts should consider several factors, including judicial "economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

Here, it would be more efficient, fair, and convenient to retain jurisdiction. There would be a delayed resolution if the case was remanded. And the parties briefed the issues as to the state law claim. Moreover, Plaintiff declined to oppose several pertinent arguments Defendants raised in their motions. Also, the state law claim relies, in part, on the federal claims. Furthermore, it involves alleged conduct that occurred in a related case that the Court continues to preside over. (*See* Docket, 19-cv-2098). But "needless decisions of state law should be avoided . . . as a matter of comity." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); 28 U.S.C. § 1367(c)(1). Upon due

consideration of judicial economy, convenience, fairness, and comity, the Court finds on balance it is more appropriate to retain jurisdiction. It will therefore exercise supplemental jurisdiction over the state law claim.

### *California Civil Code Sections 51 and 54.8 (First Claim)*

Plaintiff relies on the alleged Title II violation to support his state law claim. Cal. Civ. Code § 51(f) ("a violation of the right of any individual under the [Americans with Disabilities Act] shall also constitute a violation of this section."); *Brennon B. v. Superior Court*, 57 Cal. App. 5th 367, 398 (2020). The claim is therefore subject to dismissal for the above reasons.[2]

Plaintiff also relies on section 54.8, which states: "in any administrative hearing of a public agency, where a party, witness, attorney, judicial employee, judge, juror, or other participant who is deaf or hard of hearing, the individual who is deaf or hard of hearing, upon his or her request, shall be provided with a functioning assistive listening system or a computer-aided transcription system." Cal. Civ. Code § 54.8(a).[3] But the allegations do not involve Plaintiff's impairment. And that section relates to administrative hearings, not depositions in civil cases. Regardless, there is no private cause of action under that section. *Sexton v. Cnty. of Santa Clara*, 7 F. App'x 736, 738 (9th Cir. 2001).[4] For these reasons, the first claim is dismissed.

### **Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with

---

[2] Section 51 only applies to business establishments. *Brennon B.*, 57 Cal. App. at 398. But Plaintiff does not argue City engages in activities that have sufficient commercial attributes. *See Carter v. City of Los Angeles*, 224 Cal. App. 4th 808, 825 (2014) ("an organization has sufficient businesslike attributes to qualify as a business establishment when it 'appears to have been operating in a capacity that is the functional equivalent of a commercial enterprise.'") (internal quotation marks and citation omitted).
[3] The other portion under this section requires courts to provide hearing equipment during civil and criminal proceedings.
[4] If subsection (a) is not complied with, then "the proceedings shall not commence." Cal. Civ. Code § 54.8(i).

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The relevant factors to consider include undue delay, the movant's bad faith, prejudice to the opposing party, repeated failure to cure deficiencies, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The most important factor is prejudice. *Eminence Capital, LLC*, 316 F.3d at 1052. Absent that, or a strong showing of the other factors, there is a "*presumption* . . . in favor of granting leave to amend." *Id*. (emphasis original). But "futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff did not show an amendment could cure the above deficiencies. He cannot assert a claim based on Lara's purported injuries or rights. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *United States v. Taketa*, 923 F.2d 665, 670 (9th Cir. 1991) (constitutional rights are personal.) And there are no factual allegations that could support Plaintiff's claims. That is, the Court cannot "conceive of facts" that would render the claims viable.[5] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (dismissal without leave is appropriate if the court "determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks and citation omitted).

Overall, leave to amend is not warranted as it would be futile. *Bonin*, 59 F.3d at 845; *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("although leave to amend should be given freely, a district court may dismiss without leave where a

---

[5] Plaintiff's failure to respond to several arguments suggests he is unable to plead other factual allegations to support his claims.

plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.")

### Conclusion

For the reasons stated above, Plaintiff's motion to remand is **DENIED**. Defendants' motions to dismiss are **GRANTED WITHOUT LEAVE TO AMEND**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: October 26, 2021

_____
Hon. M. James Lorenz
United States District Judge